UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                Plaintiff,

-against-

CITY OF YONKERS, et al.,

                Defendants.

23-CV-9787 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated November 7, 2023, and entered on the docket November 13, 2023, the Court dismissed this *pro se* action without prejudice under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). (ECF 3 & 4.) On January 17, 2024, the Clerk's Office received from Plaintiff a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure and dated December 21, 2023. (ECF 5.) For the reasons set forth below, the Court grants Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal and directs Plaintiff to file the attached notice of appeal within 14 days of the date of this order.

## BACKGROUND

On November 15, 2023, the Clerk of Court mailed copies of the Court's November 7, 2023 order and judgment to Plaintiff at Westchester County Jail ("WCJ"), Plaintiff's address of record. On an unspecified date, Plaintiff delivered a motion for an extension of time to file a notice of appeal, presumably to officials at Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), where Plaintiff now resides. The mailing was sent from Mid-Hudson to the United States Court of Appeals for the Second Circuit and the envelope containing the motion was stamped January 9, 2023. The Clerk's Office of the Court of Appeals received the motion on

January 11, 2024, and forwarded it to this court on January 17, 2024. Plaintiff states in the motion, "Transfer from Westchester County Jail to Mid-Hudson Forensic Psychiatric Center (did not receive my legal documentation right away." (*Id.*)

## DISCUSSION

**A.     Plaintiff's Rule 4(a)(5) Motion is Timely**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). If a party seeking appeal is incarcerated, any document related to the appeal is considered filed on the date when the party delivers the document to correction officials for delivery to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). Where an incarcerated party does not provide the date he delivered a document, "in the absence of contrary evidence, district courts in this circuit have tended to assume that [a] prisoner['s] papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). The United States Court of Appeals for the Second Circuit has not yet resolved whether to extend this "prison mailbox rule" to a *pro se* litigant confined in a mental hospital. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201 n.3 (2d Cir. 2012); *Walker v. Jastremski*, 430 F.3d 560, 564 n.4 (2d Cir. 2005).

Under Rule 4(a)(5), a litigant may seek an extension of time to file a notice of appeal. A Rule 4(a)(5) motion must be filed within 30 days after the expiration date of the period to file a notice of appeal, and must also show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii).

Plaintiff had 30 days from the date that his November 7, 2023 order and judgment were entered (November 13, 2023), or until December 13, 2023, to file a timely notice of appeal. He then had 30 days from December 13, 2023, or until January 12, 2024, to file a timely Rule

4(a)(5) motion. Plaintiff's Rule 4(a)(5) motion is dated December 21, 2023;[1] the envelope containing the motion is dated January 9, 2023; the Court of Appeals received the motion on January 11, 2024; and this court's Clerk's Office received the motion on January 17, 2024. (ECF 5.) The Court finds that because Plaintiff handed the motion to Mid-Hudson officials on or before January 9, 2023, and the Court of Appeals received the motion on January 11, 2024, before the time expired to file a Rule 4(a)(5) motion, the motion is timely.

B.   **Plaintiff Shows Good Cause in Rule 4(a)(5) Motion**

A Rule 4(a)(5) motion may only be granted when the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). In his Rule 4(a)(5) motion, Plaintiff states that he did not receive his "legal documentation right away." (ECF 5.) Although Plaintiff does not specify to which documents he refers, the Court construes the motion as alleging that authorities transferred Plaintiff to Mid-Hudson from WCJ without his legal material and that he did not receive his materials "right away," when he arrived at Mid-Hudson.

District courts have found that prison transfers constitute good cause for the purpose of Rule 4(a)(5). *See, e.g.*, *Morrison v. Wolcott*, No. 22-CV-1267, 2023 WL 5367792, at *2 (N.D.N.Y. Aug. 22, 2023) ("Petitioner's transfer from Attica to Upstate, along with his separation from his legal materials, both amount to good cause."); *Levesque v. Clinton Cnty.*, No. 10-CV-0787, 2014 WL 2090803, at *2-3 (N.D.N.Y. May 19, 2014) ("In addition to being impaired by his mental illness, plaintiff states that he had no access to legal materials at [Mid-Hudson]."); *Lane v. N.Y.S. Office of Mental Health*, No. 11-CV-1941 (DLC), 2012 WL 1449207, at *1 (S.D.N.Y. Apr. 23, 2012) ("Plaintiff is detained at the Central New York Psychiatric Center.

---

[1] Plaintiff provides no specific information as to the date that he submitted his Rule 4(a)(5) motion to Mid-Hudson officials for its delivery to the court.

Accordingly, it is hereby ORDERED that the February 24 motion for extension of time is granted."). Plaintiff alleges facts suggesting that he did not file a timely notice of appeal because he did not have in his possession his legal work as a result of his transfer from the WCJ to Mid-Hudson. Accordingly, the Court finds that Plaintiff shows good cause for his delay in filing a notice of appeal and grants Plaintiff's Rule 4(a)(5) motion.

## CONCLUSION

The Court grants Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal. (ECF 5.) Plaintiff is directed to file the attached notice of appeal within 14 days of the date of this order. *See* Fed. R. App. P. 4(a)(5)(C).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 22, 2024
         New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (     )(     )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☐ order    entered on: _____

(date that judgment or order was entered on docket)

that: _____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

_____          _____
Dated                                          Signature*

_____
Name (Last, First, MI)

_____   _____   _____   _____
Address                              City          State        Zip Code

_____          _____
Telephone Number                     E-mail Address (if available)

_____

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13